UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEONARD J. BOROWSKI, JR.,** | **CASE NO. 1:05CV2319** |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | |
| | **OPINION AND ORDER** |
| **THIRD FEDERAL SAVINGS & LOAN ASSOCIATION, et al.,** | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the pending unopposed Motions to Dismiss filed by Defendant Third Federal Savings & Loan Association ("Third Federal") (ECF DKT #5); Defendant Mark A. Stefanski (ECF DKT #6); and Defendant Michael J. Linden (ECF DKT #8), as well as the unopposed Joint Motion of Defendants, Third Federal Savings & Loan Association and Mark A. Stefanski, for Order Granting Defendants' Motions to Dismiss Plaintiff's Complaint (ECF DKT #11).  For the reasons that follow, all pending motions to dismiss are granted.

**I. BACKGROUND**

On September 30, 2005, Plaintiff, Leonard J. Borowski, Jr., filed this action against Third Federal; Stefanski (Chief Executive Officer); Robert Kenneally (Collection Manager); and Linden and Michael J. Linden, Co., LPA.  Plaintiff alleges that Third Federal "engaged in a scheme of illegal, unlawful, and deceptive business practices that violate both federal and state law in the servicing of his home-secured loan transactions and in the provision of certain

related services."  Further, Plaintiff alleges that Third Federal failed to credit payments in a timely fashion; failed to provide him with information about the timing and amounts of payments owed; prematurely referred accounts to its collection department; failed to accept and credit payments; imposed unfair fees; miscalculated interest; filed wrongful foreclosures; and failed to respond to requests for information.  Plaintiffs' claims assert violations of the Fair Debt Collection Practices Act, the Real Estate Settlement Procedures Act, the Truth in Lending Act, and the Ohio Consumer Sales Practices Act, and plead breach of contract, intentional misrepresentation, negligence/negligent servicing, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.

## II. LAW AND ANALYSIS

**Standard of Review**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint, and is designed to determine "whether a cognizable claim has been pleaded in the complaint."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988).  For purposes of the motion, the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.  *Roth Steel Products v. Sharon Steel Co.*, 705 F. 2d 134, 155 (6th Cir. 1983).  In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.  *Conley v. Gibson*, 357 U.S. 41, 45-46 (1957).

Local Rule 7.1(g) authorizes this Court to "rule on unopposed motions without

hearing at any time after the time for filing an opposition has expired." The district court's power to grant motions to dismiss because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D. Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F. 3d 483, 492 (6th Cir. 2000). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.*

**Third Federal**

Third Federal has moved for dismissal of Counts I, IV, VI and IX of Plaintiff's Complaint. Counts I and IV, which reference the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act, do not apply to savings and loan associations. The Fair Debt Collection Practices Act specifically does not apply to the collection efforts of creditors attempting to collect debts they originated; and the Ohio Consumer Sales Practices Act governs consumer transactions – not transactions between financial institutions and their customers. Count VI purports to allege a fraud-based claim for intentional misrepresentation. Such claims must be stated with particularity with regard to the content of the representations, the identity of the speaker, as well as the time and location of the representations. Fed. R. Civ. P. 9(b). In Count IX, Plaintiff alleges breach of the duty of good faith and fair dealing. In Ohio, such a claim is subsumed by the contract claim and cannot stand alone as a basis of liability.

**Mark A. Stefanski**

Mark A. Stefanski is the Chief Executive Officer of Third Federal and he is mentioned only twice in the Complaint – in the caption and in paragraph 16. No claims are stated

against him.  The referenced statutes do not apply to financial institutions like savings and loan associations, nor to their officers.  No consumer transaction or contract existed between Plaintiff and Stefanski.  Plaintiff's common-law claims do not allege any facts implicating Stefanski individually.

**Michael J. Linden**

Linden acted as the independent legal counsel for Third Federal at all times material to the Complaint.  He never acted as an employee or agent of Third Federal.  Once again, no specific allegations are recited against Linden.

### III. CONCLUSION

By rule, Plaintiff was obliged to oppose the Defendants' motions to dismiss within thirty days.  No opposition brief has ever been filed despite service upon Plaintiff's counsel electronically and by U.S. Mail. Upon consideration of the applicable precedent, this Court finds the Defendants are entitled to judgment as a matter of law.  The Motion of Defendant Third Federal Savings & Loan Association to Dismiss Counts I, IV, VI, and IX and the Motions of Defendants, Mark A. Stefanski, Michael J. Linden, and Michael J. Linden Co., LPA to Dismiss the Complaint in its entirety are, therefore, granted.

**IT IS SO ORDERED**.

**DATE: 08/01/06**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)